﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190227-7755
DATE: October 31, 2019

ORDER

Entitlement to a compensable disability rating for migraines is denied.

REMANDED

Entitlement to an increased disability rating for posttraumatic stress disorder (PTSD), to include residuals of a traumatic brain injury (TBI), is remanded.

FINDING OF FACT

The Veteran’s migraines do not manifest with characteristic prostrating attacks.

CONCLUSION OF LAW

The criteria for entitlement to a compensable disability rating for migraines have not been met. 38 U.S.C. § 1155; 38 C.F.R. § 4.124a, Diagnostic Code 8100.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from April 1987 to April 2007. This case comes before the Board of Veterans’ Appeals (Board) on appeal from a rating decision of April 2019 issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

The Veteran previously opted in to the Rapid Appeals Modernization Program (RAMP), which allowed him to have his appeal considered under the Veterans Appeals Improvement and Modernization Act of 2017 (VAIMA). In effect, the Veteran’s appeal under the legacy regulations was canceled and a new appeal under the VAIMA was substituted in its place.

In correspondence of March 2019, the Veteran specifically requested that his residuals of TBI be considered as a separately-compensable disability from his PTSD. The rating decision on appeal does not address this request, instead referencing the Veteran’s disabilities as “[PTSD] with residual traumatic brain injury” and as “migraine… status post traumatic brain injury” (emphasis added). 

The Board notes that residuals of TBI may overlap “with manifestations of a comorbid mental or neurologic [disorder]… If the manifestations of two or more conditions cannot be clearly separated, assign a single evaluation under whichever set of diagnostic criteria allows the better assessment of overall impaired functioning due to both conditions. However, if the manifestations are clearly separable, assign a separate evaluation for each condition.” 38 C.F.R. § 4.124a, Note (1). 

In the rating decision on appeal, the RO stated that because “VA examiners have been unable to separate out the symptoms of your [TBI] and [PTSD], we must evaluate these conditions together[.]” However, as will be discussed further below, the RO relied on a VA examination from December 2006 as a partial basis for its rating decision of April 2019. The Board cannot rule out the possibility that a more recent VA examination would enable more accurate differentiation of the Veteran’s symptoms from his TBI and PTSD, such that he could be rated separately for each. The Board therefore finds that the issue of a separate disability rating for the Veteran’s TBI is not ready for disposition at this time because it has not yet been adjudicated by the RO on the basis of current, competent evidence. 

Finally, the Board notes that the Veteran filed correspondence of April 2019 requesting that his claim be expedited due to financial hardship. The Board considers this correspondence a motion to Advance on the Docket (AOD). Generally, appeals must be considered in docket number order, but may be advanced if sufficient cause is shown. 38 U.S.C. § 7107(b); 38 C.F.R. § 20.902(c). Sufficient cause includes advanced age (defined as 75 years or more), serious illness, severe financial hardship, or administrative error resulting in a significant delay. Any motion for advancement should be supported by pertinent documentation. The Board has considered the Veteran’s motion, including records demonstrating his use of employee leave. The Board finds that the Veteran has not submitted sufficient evidence to demonstrate the necessity of an AOD due to severe financial hardship and the motion for AOD is denied. In accordance with this ruling, the appeal will remain in its current docket number order.

The Board will therefore proceed to adjudicate the Veteran’s claim for a compensable disability rating for migraines on the merits. Because the Veteran selected the direct review option, no hearing before the undersigned VLJ was scheduled.

1. Entitlement to a compensable disability rating for migraines.

Disability evaluations are determined by comparing a Veteran’s present symptomatology with criteria set forth in VA’s Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for a higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3.

The Veteran’s entire history is reviewed when making disability rating decisions. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). However, where entitlement to compensation has already been established and an increase in the disability rating is at issue, the present level of disability is of primary concern. Although a rating specialist is directed to review the recorded history of a disability in order to make a more accurate evaluation, the regulations do not give past medical reports precedence over current findings. See 38 C.F.R. § 4.2; Francisco v. Brown, 7 Vet. App. 55 (1994). Staged ratings are appropriate for an increased rating claim when the factual findings show distinct time periods where the service-connected disability exhibits symptoms that would warrant different ratings. The relevant focus for adjudicating an increased rating claim is on the evidence concerning the state of the disability from the time period one year before the claim was filed until VA makes a final decision on the claim. Hart v. Mansfield, 21 Vet. App. 505 (2007). 

The applicable rating criteria provide that a compensable rating for migraines is assigned where the disability manifests “[with] characteristic prostrating attacks averaging one in 2 months over last several months.” 38 C.F.R. § 4.124a, Diagnostic Code (DC) 8100 (emphasis added).

The Veteran filed his claim for increase in May 2017 and subsequently underwent VA examinations on this issue in July 2017 and October 2018. Both VA examiners separately opined that the Veteran does not have characteristic prostrating attacks.

The Board finds the Veteran competent and credible to report his headache symptoms. In correspondence of May 2019, he asserts that his symptoms include dizziness, sensitivity to light, vomiting, and blurred vision, among others. However, whether the Veteran’s reported symptoms satisfy the rating criteria’s requirement of “characteristic prostrating attacks” is a determination the Veteran is not competent to make because he lacks the necessary medical expertise. “Whether lay evidence is competent and sufficient in a particular case is a fact issue to be addressed by the Board[.]” Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

The Board therefore finds that the assignment of a compensable disability rating for the Veteran’s migraines is not warranted. 38 C.F.R. § 4.124a, DC 8100. The Board has considered the doctrine of reasonable doubt but has determined that it is not applicable because the preponderance of the evidence is against the Veteran’s claim. 38 U.S.C. § 5107.

REASONS FOR REMAND

1. Entitlement to an increased disability rating for PTSD and TBI residuals.

As previously discussed, the Veteran requested consideration of a separately compensable rating for residuals of his TBI in correspondence of March 2019. In the rating decision on appeal, the RO relied on a VA examination of December 2006 to reach two conclusions: first, that the assignment of a disability rating higher than 30 percent for the Veteran’s PTSD was not warranted; and second, that the Veteran’s symptoms of PTSD and TBI could not be differentiated.

A medical examination “is adequate when it is based upon consideration of the veteran’s prior medical history and examinations… so that the Board’s ‘evaluation of the claimed disability will be a fully informed one.’” Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (emphasis added) (internal citation omitted). The Board does not consider a medical examination of 2006, which omits consideration of approximately thirteen years’ worth of the Veteran’s subsequent medical history, to be of any remaining value in a claim for an increased disability rating in 2019. There is therefore insufficient competent medical evidence in the record for the Board to adjudicate this claim. See McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Furthermore, the Board notes that the December 2006 VA examination relied upon a prior version of the Diagnostic and Statistical Manual of Mental Disorders (DSM), to include use of the Global Assessment of Functioning Scale (GAF). The GAF has subsequently been rejected as a diagnostic tool: “the DSM-5 eliminated GAF scores because of their ‘conceptual lack of clarity’ and ‘questionable psychometrics in routine practice.’” Golden v. Shulkin, 29 Vet. App. 221, 224 (2018). “Given that the DSM-5 abandoned the GAF scale and that VA has formally adopted the DSM-5, the Court holds that the Board errs when it uses GAF scores to assign a psychiatric rating in cases where the DSM-5 applies.” Id. at 225. The Board finds that the DSM-5 is applicable to this case because the Veteran’s claim for increase was filed subsequently to the VA’s adoption of the DSM-5 on August 4, 2014. Additionally, because this error predates the rating decision on appeal, the Board finds that it is not precluded from remanding for correction under the VAIMA. 38 U.S.C. § 5103A(f)(1).

These matters are therefore REMANDED for the following action:

1. Schedule the Veteran for an examination with an appropriately-qualified examiner. The examiner shall review the Veteran’s claims file, to include a copy of this remand. The examiner shall evaluate the degree of disability imposed by the Veteran’s PTSD and TBI. 

2. The examiner shall further opine as to whether the symptoms attributable to the Veteran’s PTSD and TBI are clearly separable under the relevant criteria. 

The examiner shall fully explain the reasoning behind his or her conclusions. If the examiner cannot provide such conclusions without resorting to mere speculation, the examiner shall explain why more definite conclusions cannot be reached. 

 

M. H. HAWLEY

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Blore, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.